UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

CASTLETON HEALTH CARE CENTER,   )
LLC, et al.,   )
        Plaintiffs,   )
   )
     vs.   )         1:10-cv-58-LJM-TAB
   )
KENTUCKIANA HEALTHCARE, LLC, et al., )
        Defendants.   )

**ORDER ON PLAINTIFFS' MOTION TO COMPEL**

Plaintiffs own three central Indiana nursing and rehabilitation centers and retained

Defendant Kentuckiana Healthcare, LLC to operate them.  The management agreement required

Kentuckiana to pay "all wages and fringe benefits (including withholding tax) to employees" of

the centers.  [Docket No. 1, Exs. A, B, and C at ¶ 9(a).]  In November 2009, Plaintiffs received a

Notice of Levy from the IRS explaining that it was attempting to collect nearly $300,000 in

unpaid withholding taxes and penalties from Kentuckiana's owner, Defendant Frank Littriello.

[Docket No. 1, Ex. D.]  As required by the management agreement, Plaintiffs notified Littriello

and Kentuckiana on December 21, 2009, of the default and that they had ten days to cure.

[Docket No. 1, Ex. D.]

Ultimately, Plaintiffs brought this action, alleging that Kentuckiana failed to cure its

default within ten days and seeking immediate possession of the nursing and rehabilitation

centers.  [Docket No. 1.]  Kentuckiana and Littriello respond that the alleged tax deficiencies are

Littriello's responsibility, and that "[a]fter receiving the December 21, 2009 letter, Kentuckiana

advised Plaintiffs that it was diligently addressing the alleged tax deficiencies with the Internal

Revenue Service and an Offer in Compromise was pending with the IRS."  [Docket No. 14 at 7.]

Because Defendants' alleged tax deficiencies are at the heart of this case, Plaintiffs have

sought to depose revenue officer Linda Edwards and obtain documents relating to Defendants'

tax liabilities.  Plaintiffs assert that the IRS refused to allow Edwards to testify or produce the

requested documents but offered to do so if authorized by Kentuckiana and Littriello.  [Docket

No. 29 at 2, 4.]  Kentuckiana and Littriello refuse to authorize the IRS discovery, precipitating

this motion to compel.[1]  Plaintiffs seek an order "compelling Kentuckiana and Littriello to

cooperate in discovery in this action by ordering them to authorize Ms. Edwards (or another IRS

representative if Ms. Edwards is not available) to testify and produce the documents requested to

be produced by her."  [Docket No. 29 at 5.]  The Court finds that Plaintiffs are entitled to relief,

though not exactly the relief they requested.

Defendants oppose the requested relief on three grounds.  First, Defendants argue that the

motion to compel is improperly directed at them because the IRS controls the requested

information.  [Docket No. 35 at 5.]  Defendants are incorrect on this point.  Even though the IRS

has physical possession of the information, Defendants still control it.  As one treatise explains:

> The concept of "control" is very important in applying the rule [that discovery
> may be had of documents and things that are in the "possession, custody, or
> control" of a party], but the application of this concept is often highly fact-
> specific.  Inspection can be had if the party to whom the request is made has the
> legal right to obtain the document, even though in fact it has no copy.  Thus, a
> party can be required to produce a document that it has turned over to its attorney.
> It may also be found to have control of documents it has turned over to its insurer.

8B Charles Alan Wright, et al., *Federal Practice and Procedure* § 2210 (3d ed. 2010).

---

[1]Plaintiffs also moved to compel discovery from the IRS [Docket No. 25], and the Court
has granted the United States an indefinite extension of time to respond pending the ruling on
Plaintiffs' motion to compel discovery from Kentuckiana and Littriello.  [Docket No. 32.]

Defendants have the legal right to obtain their documents from the IRS, and Plaintiffs have represented to the Court that "[t]he IRS's counsel has advised Plaintiffs' counsel that the IRS could make Ms. Edwards (or another IRS representative if Ms. Edwards is not available) available for deposition . . . if Kentuckiana and Littriello authorize the IRS to do so." [Docket No. 29 at 4.] Defendants therefore control these items.

Next, Defendants argue that the requested discovery is cumulative because Littriello has been subjected to a three-and-a-half hour deposition and has provided documents showing:

> (1) the delayed withholding payments that gave rise to the Internal Revenue Service's notice of levy; (2) Defendants' payments of the underlying amounts; (3) the subsequent progress of negotiations between Defendants and the Internal Revenue Service about interest and penalties arising from the late payments; (4) the failure of these negotiations to yield a mutually agreeable compromise; and (5) the Internal Revenue Service's rejection of Defendants' Offer In Compromise.

[Docket No. 35 at 3.] Plaintiffs justify their request by noting that the Court granted them leave to obtain discovery from both Edwards and Kentuckiana, and Defendants never objected that discovery from both parties would be cumulative. [Docket No. 41 at 2–3.] Plaintiffs also point out that they have reason to believe Littriello misrepresented facts to the IRS on two occasions, so they should not have to accept his word that he has produced all documents.

Given the nature of Plaintiffs' claims, some discovery of Defendants' tax information is appropriate. But the information Plaintiffs seek is overbroad. For example, they wish to have Edwards explain "the background of the tax liabilities, and how and why the IRS had determined that [Defendants'] settlement offer [was submitted solely to hinder or delay [the IRS's] collection actions.'" [Docket No. 29 at 4.] The IRS's internal thinking about Defendants' tax liabilities is irrelevant. What is relevant is whether Defendants had an outstanding tax liability relating to the nursing and rehabilitation centers and whether that liability was cured within the

ten days after Plaintiffs' notice. Therefore, Defendants shall produce to Plaintiffs (if they have

not already) the tax returns for Littriello and Kentuckiana for tax years 2002 through 2009, as

well as any notices and correspondence related to taxes arising out of or relating to operating the

nursing and rehabilitation centers. If Plaintiffs' review of this information suggests additional

information is missing, Plaintiffs may revisit this issue with Defendants and, if necessary, with

the Court.

Finally, Defendants express concern that the requested discovery is intrusive and

collateral. [Docket No. 35 at 4.] As explained above, the Court has limited production to items

related to operation of the centers. If some of these items contain sensitive personal information

obviously irrelevant to this dispute, Defendants may redact such information after discussing

their specific concerns with Plaintiffs.

Plaintiffs' motion to compel [Docket No. 29] is therefore granted to the extent that

Defendants must produce tax returns for the tax years 2002 through 2009 and documents

concerning tax liabilities related to the nursing and rehabilitation homes, subject to possible

redactions as noted above.

Dated: 08/18/2010

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Paul J. Hershberg
SEILLER WATERMAN LLC
hershberg@derbycitylaw.com

Jeffrey L. Hunter
UNITED STATES ATTORNEY'S OFFICE
jeff.hunter@usdoj.gov

Alan N. Linker
SEILER WATERMAN LLC
alinker@derbycitylaw.com

Richard Charles Richmond III
TAFT STETTINIUS & HOLLISTER LLP
rrichmond@taftlaw.com

John H. Sharpe
TAFT STETTINIUS & HOLLISTER LLP
jsharpe@taftlaw.com

Theodore Wendover Walton
CLAY FREDERICK ADAMS PLLC
ted@justiceky.com